# EXHIBIT B

Case 1:24-cv-00046-JL   Document 14-2   Filed 02/23/24   Page 1 of 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

JOHN DOE,

        Plaintiff

v.

TRUSTEES OF DARTMOUTH COLLEGE,

        Defendant

Civil Action No:  1:24-cv-46-JL

## DECLARATION OF ALEJANDRO J. DIAZ

1. I am the Chief Compliance Officer at Dartmouth College and I have personal knowledge of the following.

2. On April 26, 2023, John Doe wrote Dartmouth's Title IX Coordinator and others, stating why he declined to participate in Dartmouth's investigation of a complaint that he sexually assaulted "Sally Smith," a woman not affiliated with Dartmouth. Doe asserted, among other things, that: (i) the decision to exercise discretionary jurisdiction under the Sexual Misconduct Policy was wrongful; (ii) Kristi Clemens, Dartmouth's Title IX Coordinator was biased; and (iii) he has been the victim of discrimination and harassment by various faculty and staff at Dartmouth throughout his time as both an undergraduate and a medical student.

3. These allegations were referred to me.

4. I met with Doe over Zoom and reviewed his concerns.

5. In consultation with others at Dartmouth, and a third-party consultant with expertise in such matters, I determined that the decision to exercise discretionary jurisdiction under the Sexual Misconduct Policy in Doe's case was both sound and consistent with Dartmouth's decisions in prior, analogous matters.

6. In response to Doe's allegations of bias, and again in consultation with others at Dartmouth, I took the following steps:

7. First, in an abundance of caution, and to remove even the appearance of bias, the Sexual Misconduct Policy matter was referred to an external acting Title IX Coordinator for resolution, removing Dartmouth's Title IX Office from further direct involvement. Ann James, an employee of Grand River Solutions, which specializes in this work, was appointed as the acting Title IX Coordinator in this matter. In addition, employees of Grand River Solutions were engaged to serve as the investigator in the case and as the Hearing Panel.

8. Second, Doe's claims of harassment, discrimination, and unfair treatment unrelated to the merits of the Sexual Misconduct Policy matter were referred for an initial assessment pursuant to Dartmouth's Nondiscrimination and Anti-Harassment Policy ("NDAP"). Here, too, in an abundance of caution, a consultant from Grand River Solutions, Jennifer Larimore, was appointed to conduct the initial assessment.

9. Following a thorough review of Doe's allegations, which included a lengthy interview of Doe and the review of extensive written materials, Ms. Larimore concluded that certain of Doe's allegations – if ultimately proven to be substantiated, were within the scope of the NDAP while other allegations were not.

10. On December 19, 2023, Ms. Larimore notified Doe that the matters identified through the initial assessment as within the scope of the NDAP can proceed through formal resolution.

11. The matter remains ongoing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22 day of February, 2024.

/s/ Alejandro J. Diaz
Alejandro J. Diaz

2

**Certificate of Service**

    I certify that on February 23, 2024, I caused the foregoing document to be served on counsel of record for all parties that have appeared to date through the Court's CM/ECF system.

                                /s/ Elizabeth H. Kelly
                                Elizabeth H. Kelly

136484183v.2